[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY
This case raises the question whether a plaintiff who has prevailed at trial may obtain a prejudgment remedy to protect the verdict during an appeal. After a court trial of this case before the Honorable Peter Weiss, the court entered judgment on August 12, 1999, in favor of the plaintiffs and awarded damages of $1.5 million. Defendants have filed an appeal The plaintiff has applied for a prejudgment remedy of attachment under General Statutes Section 52-278 et. seq. Defendants have objected on the grounds that the prejudgment remedy statute does not apply here because Section 52-278a(d) allows a prejudgment remedy only "prior to final judgment."
The logic of the defendants' argument is appealing. A verdict is a final judgment, for purposes of appeal (Practice Book Section 61-1[1]) and the award of post-judgment interest in most civil matters (General Statutes § 37-3a[2]).[3] And if a verdict is "final judgment," how then can the court permit a remedy available only "prior to final judgment?" Finally, defendants point to the existence of the separate statutory framework for enforcement of judgments enacted by the legislature in General Statutes §§ 52-350a through 52-400e. This "extensive statutory scheme for the enforcement of judgments" contains numerous rights and procedures that successful plaintiffs may use to protect and enforce their verdicts. Yet the mandatory stay of CT Page 13852 Practice Book Section 61-11 during an appeal prevents plaintiffs here from enforcing their judgment while the case is on appeal. "The plaintiff's judgment is not affected by the stay," asserts the defendants' memorandum; "[r]ather the plaintiffs are simply precluded from enforcing it until the appeal is ruled on."
If defendants are correct, however, then no prejudgment remedy is ever valid alter a verdict, even those issued prior to judgment, for § 52-278a(d) only permits a plaintiff "to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to finaljudgment." (Emphasis added.) Under defendants' analysis, a prejudgment remedy would seem to lapse after a verdict has become a final judgment for purposes of appeal. While the post-judgment enforcement mechanisms of §§ 52-350a et seq. offer many remedies to prevailing plaintiffs, most or all are stayed during appeal. Thus, a successful plaintiff would have no protection at all during an appeal, other than the fact that the post-judgment statutes allow the avoidance of fraudulently transferred properties under §§ 52-552f and h. That ability to attach or execute upon a fraudulent transfer, however, is of slight value if property is lost through execution by other creditors or if a defendant's funds are depleted on the necessities of everyday living.
Although there is no binding precedent from the Supreme Court or Appellate Court on this question, this court agrees with the analyses of Judges DeVita and Blue in the cases cited by plaintiff.[4] A verdict may be a final judgment for some purposes, i.e., appeal, but not for others. Our Supreme Court itself observed the complexity of this issue in Preisner v. AetnaCasualty Surety Co., 203 Conn. 407, 413-415, 525 A.2d 83
(1987):
 As this court has previously noted, the effect of a pending appeal upon an otherwise final judgment has aptly been characterized as "[o]ne of the most troublesome problems in applying the rule of finality [of judgments], because this is an area in which "[t]here are no technically precise and universally recognized rules . . ." In the absence of universally applicable rules we have recognized that the relationship between a pending appeal and a judgment depends upon the nature of the issue that is to be addressed. Accordingly, a trial court judgment has been held to be final, despite a pending appeal., insofar as the issue was CT Page 13853 the triggering of the statute of limitations; the continuing validity of interlocutory alimony orders; or the applicability of the rules of res judicata. In Bissell, we held that such a judgment was not final for the purpose of determining the law governing mortgage foreclosures when that law was amended during the pendency of an appeal.
 The finality of a trial court judgment is not directly affected by the fact that an appeal automatically stays the enforcement of a judgment. See Practice Book 4046 (formerly 3065). The stay does not vacate the judgment obtained by the successful litigant. It merely denies that party "the immediate fruits of his or her victory"; in order to protect the full and unhampered exercise of the right of appellate review. Correlatively, an order of execution, in the absence of a stay, does not moot the justiciability of a pending appeal. "If a judgment has been satisfied before it is reversed . . . `the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost; and the mode of proceeding to effect this object must be regulated according to circumstances.'
 The finality of a judgment may, however, depend upon, the outcome of the pending appeal. If the trial court's judgment is sustained, or the appeal dismissed, the final judgment ordinarily is that of the trial court. If, however, there is reversible error, the final judgment is that of the appellate court.
Citations omitted.
Accordingly, the court overrules defendants' objection to plaintiffs' application for prejudgment remedy. By previous agreement of the parties, this matter should now be scheduled for hearing on the application itself
SO ORDERED.
BY THE COURT
BY: Stephen F. Frazzini, Judge of the Superior Court
DATE: 10\19\99 CT Page 13854